IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00173-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

Deleta D. Jones,

                                                                                    Appellee

 

 

 



From the 12th District
Court

Walker County, Texas

Trial Court No. 24211

 



MEMORANDUM  Opinion



 

This cause
purports to be an appeal from an order or judgment signed on May 1, 2009 in the
12th District Court of Walker County.  The Walker County District Clerk sent
the Court a letter advising us that it has no record of a Cause No. 24,211,
styled Donald Ray McRay v. Deleta D. Jones.  Accordingly, in a letter dated
June 30, 2009, the Court notified Appellant that he had 21 days to provide the
Court with a copy of the May 1, 2009 order or judgment that he is appealing. 
If he did not do so, this appeal would be dismissed for want of jurisdiction.

Appellant has
filed a response that confirms that there is no appealable order or final
judgment.  He refers the Court to a Third Court of Appeals ruling, which
informs us that Appellant sued various Walker County officials (apparently
including purported Appellee Jones) in Travis County, that the trial court in
Travis County granted the defendants’ motion to transfer venue to Walker County
and the clerk’s record was transferred to Walker County, and that Appellant
appealed to the Third Court of Appeals.  See McCray v. Jones, No.
03-08-00370-CV (Tex. App.—Austin Feb. 6, 2009, no pet.).  That appeal was
dismissed for want of jurisdiction.  Id.

Appellant
appears to state in his response that his suit against Jones was not
transferred to Walker County, and he requests a sixty-day continuance to allow
him to “re-consolidate” Jones “to the initial petition and obtain a judgment
from the trial court on the initial party[,] which in this case is Walker
County.”  Appellant’s description of the underlying procedural status is
unclear, but it is clear from Appellant’s response and the Austin Court’s
opinion that there is no final judgment or appealable order and that we lack
jurisdiction.  Appellant has failed to provide us with a copy of the purported
May 1, 2009 order or judgment that he is appealing.  We dismiss this appeal for
want of jurisdiction.  See Tex.
R. App. P. 42.3(a).

 

REX D. DAVIS

Justice

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Dismissed

Opinion
delivered and filed August 5, 2009

[CV06]






                                                                                        

      The majority takes SMI et al to the mountain top but refuses to let them enter the promised
land.


 There is no doubt that the majority agrees with SMI’s first issue on appeal. None of the
findings of fact support the judgment. With this, I wholly agree. The majority then discusses
whether the findings are necessary. The fatal flaw in the majority’s logic is that because the
evidence presented through the plaintiff was not “controverted,” that the facts are “undisputed.”
      This is not correct. Uncontroverted evidence can be conflicting. Further, if evidence is
introduced through the plaintiff’s witness, that could defeat the plaintiff’s claim, the defendant
need not present any additional evidence to prevail. The evidence presented through the only
witness was in conflict regarding whether the contracts had in fact, been canceled.


 If the findings
of fact had actually resolved any of the disputed factual issues necessary in support of the
plaintiff’s claim, we could imply all other findings necessary in support of the judgment. Not a
single finding of fact has anything to do with the elements of the dispute which exist between
Profile and SMI. Profile failed to secure any findings in support of the trial court’s judgment in
its favor. This is no different than if they had presented this case to a jury and the jury answered
“no” to questions inquiring about whether the contract had been terminated. In the absence of any
finding in support of the judgment in favor of Profile, the only proper judgment, is that Profile
take nothing from SMI and a declaration that the contract has not been terminated.
      The only issue presented to the trial court for resolution, as expressed by SMI’s attorney in
the excerpt quoted in the majority opinion, is “whether or not the contracts are terminated and
when.” The issue was not; could the contracts be terminated; or, will the court terminate the
contracts. The judgment states, inter alia, the contracts are “as of the date of this Final Judgment,
cancelled [sic] and of no further force or effect.” Thus, the language of the judgment supports the
argument made by SMI that the contracts had not been previously terminated.
      Even a casual reading of the majority opinion will alert the reader that there was a real dispute
as to whether the contracts had actually been canceled. Profile’s witness testified that in 1993,
several letters purporting to terminate the contract had been sent to SMI. But, after those
“termination” letters were sent, he continued to accept royalty payments. One of these letters was
actually sent by his attorney, but it did not state any grounds for termination. Then, in 1994,
Profile sued SMI for breach of the very contracts that it now asserts already had been terminated,
seeking damages. Thereafter, Profile filed bankruptcy and sought to terminate the contracts in the
bankruptcy proceeding. This relief was denied. While the evidence regarding the bankruptcy
proceeding may not constitute a res judicata defense, it is still evidence that Profile, as of that
date, did not consider the contracts to have terminated. This was the status as of 1997, when the
bankruptcy proceedings were dismissed and this case, which had been abated during the
bankruptcy, resumed.
      This state court action proceeded to trial in 1998 with a claim for damages for breach of the
very contracts Profile was claiming had been terminated. Again, the testimony of Profile’s witness
regarding the claims for damages was at least some evidence that he did not consider that the
contracts had actually been terminated.
      This was an action to determine and declare the status of the parties with regard to these
contracts. The declaratory judgment sought was not that the contracts could be validly terminated
or even a judgment of termination, but rather a determination of whether the contracts had been
terminated, and if so, when. Instead of deciding the issue presented by the parties by determining
and declaring their status, the trial court, on its own, terminated the contract. This is obvious in
the choice of terminology in the judgment that “as of the date of the judgment” the contracts are
canceled and of no further force or effect. By deciding that as of the date of the judgment the
contracts were terminated, the trial court resolved a factual issue about which Profile’s witness had
presented conflicting evidence, that the contract had not previously been terminated. Upon SMI’s
timely request, the trial court was required to file findings of fact and conclusions of law that
would support the judgment in favor of Profile. This the trial court did not do. Profile failed to
request additional findings of fact and conclusions of law that would support the judgment in its
favor.
      Profile’s failure to secure findings of fact and conclusions of law that support the judgment
then prevented SMI from being able to attack specific findings as lacking evidentiary support. 
Because there was no finding which supports the judgment, there were no findings to attack. 
Therefore, SMI was left with no alternative other than to generally attack the judgment. But, the
majority tells SMI that a general attack on the judgment presents nothing for our review. This
highlights SMI’s harm and is the reason the trial court is required to file findings of fact and
conclusions of law in support of the judgment. Otherwise, the party cannot properly frame their
complaint on appeal by attacking the sufficiency of the evidence to support a particular finding in
support of the judgment.
      Because the judgment depends upon the resolution of a disputed fact issue, because the
evidence on the issue was conflicting, because SMI timely requested findings of fact and
conclusions of law, and because the trial court’s findings and conclusions do not support the
judgment, I would hold that the judgment must be reversed and judgment rendered that Profile
take nothing from SMI, and declare that as of the date of trial, the contracts had not been
terminated.


 Because the majority does not, I respectfully dissent.

                                                                               TOM GRAY
                                                                               Justice

Dissenting opinion delivered and filed January 17, 2001
Publish